UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RUBEN DURRANT PEREZ, | ) | 1:06-CV-1533 AWI JMD HC |
| | ) | |
| Petitioner, | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| v. | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| | ) | |
| ROSANNE CAMPBELL, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Kern County Superior Court. A jury convicted him of assault with the intent to commit rape, burglary, receiving stolen property, and sexual battery. It was also determined that Petitioner suffered two prior convictions which constituted strikes and serious felonies. The trial court sentenced him to 60 years to life in state prison. (Answer at 1.)

Petitioner filed an appeal in the California Court of Appeal. The court affirmed the judgment in a reasoned opinion. (Answer at 2; Lodged Docs. 1-3.)

Petitioner filed a petition for review in the California Supreme Court. The court summarily denied review. (Answer at 2; Lodged Docs. 4-5.)

On October 18, 2006, Petitioner filed the instant petition in this Court. The petition presents the following four grounds for relief: 1) Petitioner's rights were violated when the trial court instructed the jury that he was the person who suffered the alleged prior convictions; 2) insufficient evidence to establish Petitioner's prior strike convictions; 3) Petitioner's rights were violated when the trial court admitted evidence of prior allegations of rape made against him; and 4) insufficient evidence to support the conviction for receiving stolen property.

On February 20, 2008, Respondent filed an answer to the petition.

On March 20, 2008, Petitioner filed a traverse to the answer.

**FACTUAL BACKGROUND[1]**

In December 2003, the victim, Gina, lived with her three children and their father, David. David is related to Petitioner and had introduced Gina to Petitioner. On the day in question, Gina cooked breakfast for David and Petitioner. David then left with Petitioner. Gina described the car Petitioner was driving as a small car with many newspapers inside. At trial Gina identified an exhibit as being a picture of the car Petitioner was driving.

That night Gina was lying down with her youngest son trying to put him to sleep when she heard the front window being opened. This window was next to the front door, and one could put his or her arm through the window and unlock the front door. David used this method to open the door when he did not have his keys. When Gina heard the window being opened, she assumed David forgot his keys and was not alarmed. She slowly got up and left the bedroom. She saw Petitioner entering the front door and immediately asked what he was doing there. Petitioner assaulted Gina. Despite Gina's efforts to fight back, Petitioner ripped off all her clothes except her panties and made clear his intention to rape her. Petitioner stated at one time that if Gina would have sex with him he would leave because he was driving a stolen car. Gina finally was able to convince Petitioner that the baby was waking up but that if Petitioner gave the baby his bottle, he would go back to sleep. When Petitioner got up, Gina ran out the door and found a neighbor who was awake. The neighbor gave Gina a robe and called the authorities. Petitioner was arrested a short time later.

---

[1] The facts are derived from the factual summary set forth by the California Court of Appeal in its opinion of February 14, 2006 and are presumed correct. 28 U.S.C. §§ 2254(d)(2), (e)(1); Lodged Doc. 3.

1    Billy Vise testified that on the morning Gina was attacked someone stole his car while he was
2 delivering the morning newspaper. Newspapers he was planning on delivering were in the front and
3 rear seats of the car. He identified the same exhibit shown to Gina as being a picture of his car. The
4 car was located in the parking lot of the apartment complex where Petitioner was arrested.

5    The second amended information charged Petitioner with assault with the intent to commit
6 rape, burglary of a residential dwelling, vehicle theft, receiving stolen property, and sexual battery.
7 In addition, each count alleged as enhancements that Petitioner had two prior strike convictions
8 within the meaning of section 667, subdivisions (b) through (i). The first two counts also alleged
9 these prior convictions were serious felonies within the meaning of section 667, subdivision (a).

10    The jury found Petitioner guilty of assault with the intent to commit rape, first degree
11 burglary, receiving stolen property, and sexual battery. He was found not guilty of vehicle theft. In
12 the bifurcated portion of the trial, the jury found Petitioner suffered the two prior convictions alleged
13 in the second amended information. The trial court determined Petitioner was the individual named
14 in the documents submitted by the People and that the prior convictions were serious felonies within
15 the meaning of section 667, subdivision (a).

16    Petitioner was sentenced to consecutive third strike sentences of 25 years to life for assault
17 with the intent to commit rape and receiving stolen property, plus 10 years because each of the prior
18 convictions were serious felonies within the meaning of section 667, subdivision (a). The sentences
19 on the remaining counts were stayed.

## DISCUSSION

**I.  Jurisdiction**

   Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant
to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of
the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362,
375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.
Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court,
which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d).
Accordingly, the Court has jurisdiction over the action.

1   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of
2  1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.
3  Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997),
4  *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997),
5  *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only
6  applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment
7  of the AEDPA; thus, it is governed by its provisions.

8  **II.  Legal Standard of Review**

9   This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody
10 pursuant to the judgment of a State court only on the ground that he is in custody in violation of the
11 Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

12  The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death
13 Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade, 538 U.S. 63, 70 (2003).
14 Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of
15 the claim "resulted in a decision that was contrary to, or involved an unreasonable application of,
16 clearly established Federal law, as determined by the Supreme Court of the United States" or
17 "resulted in a decision that was based on an unreasonable determination of the facts in light of the
18 evidence presented in the State Court proceeding."  28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at
19 70-71; see Williams, 529 U.S. at 413.

20  As a threshold matter, this Court must "first decide what constitutes 'clearly established
21 Federal law, as determined by the Supreme Court of the United States.'"  Lockyer, 538 U.S. at 71,
22 *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court
23 must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time
24 of the relevant state-court decision."  Id., *quoting* Williams, 592 U.S. at 412.  "In other words,
25 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set
26 forth by the Supreme Court at the time the state court renders its decision."  Id.

27  Finally, this Court must consider whether the state court's decision was "contrary to, or
28 involved an unreasonable application of, clearly established Federal law."  Lockyer, 538 U.S. at 72,

*quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

**III. Review of Petitioner's Claims**

   **A. Ground One**

Petitioner argues that his rights were violated when the trial court instructed the jury that he was the person who suffered the alleged prior convictions.

This claim was presented in an appeal to the California Court of Appeal, which affirmed the judgment in a reasoned opinion. (Lodged Docs. 1-3.) The issue was then raised in a petition for

review to the California Supreme Court, which summarily denied review. (Lodged Docs. 4-5.) The California Supreme Court, by its "silent order" denying review, is presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claim, the Court of Appeal found that he did not have a right to a jury trial on the issue of identity relating to the prior convictions. (Lodged Doc. 3 at 12-13.)

While *Cunningham* held that the imposition of an enhanced sentence based on facts not found by the jury generally violates the Sixth Amendment, the Court retained an exception for findings of a defendant's prior convictions. Cunningham v. California, 127 S.Ct. 856, 868-71 (2007) ("Except for a prior conviction, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'"). The question of identity–that is, whether the defendant is the same person who suffered the earlier conviction–falls within the prior conviction exception. U.S. v. Browning, 436 F.3d 780, 782 (7th Cir. 2006) ("The use of a prior conviction to enhance a defendant's sentence presupposes that it is a prior conviction *of him,* and if there is any doubt on that score the judge has to resolve it."); U.S. v. Carrillo-Beltran, 424 F.3d 845, 848 (8th Cir. 2005) (finding that a judge may determine whether a prior conviction under an alias is attributable to a defendant); Jackson v. Kirkland, 2008 WL 4298217, *8 (N.D. Cal. 2008).

The state court's determination was therefore not an unreasonable application of Supreme Court law, as the trial judge was authorized to determine whether Petitioner was the person who had suffered the prior convictions.

**B. Ground Two**

Petitioner claims that the trial court erred in admitting the CLETS printout to prove the prior strike convictions because the prosecution did not satisfy the requirements of Evidence Code section 1280.[2] Petitioner argues that, without the printout, there was insufficient evidence to show he

---

[2] Section 1280 provides, "Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered in any civil or criminal proceeding to prove the act, condition, or event if all of the following applies: (a) The writing was made by and within the scope of duty of a public employee; (b) The writing was

suffered the two prior convictions.  Petitioner further argues that the trial court unfairly concluded he was the person identified in the CLETS printout before receiving any evidence.

These claims were presented in an appeal to the California Court of Appeal, which affirmed the judgment in a reasoned opinion.  (Lodged Docs. 1-3.)  The issues were then raised in a petition for review to the California Supreme Court, which summarily denied review.  (Lodged Docs. 4-5.) The California Supreme Court, by its "silent order" denying review, is presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court.  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claim, the Court of Appeal found that the trial court properly admitted the CLETS printout and that it, along with witness testimony, constituted sufficient evidence to find that Petitioner suffered the two prior convictions.  The Court of Appeal further found that the trial court's instructions to the jury did not show that the court had prejudged the issue of identity, as it properly submitted to the jury the question of whether the prior convictions occurred and left for its own determination the issue of identity.  (Lodged Doc. 3 at 13-17.)

A federal habeas court reviews sufficiency of evidence claims by determining "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Lewis v. Jeffers, 497 U.S. 764, 781 (1990); Jackson v. Virginia, 443 U.S. 307, 318-19 (1979).  "[T]he standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law."  Jackson, 443 U.S. at 324 n.16.

The second amended information alleged that Petitioner had been convicted of assault with a deadly weapon in 1989 and rape in 1982.  (CT at 276-83.)  In support of these allegations, Susan Sanchez, who was the computerized California Law Enforcement Telecommunications System (CLETS) director for the district attorney's office, testified that the CLETS system stores criminal

---

made at or near the time of the act, condition, or event; [and] (c) The sources of information and method and time of preparation were such as to indicate its trustworthiness.  Cal. Evid. Code § 1280.

history information such as arrests and prosecutions.  (RT at 382-86.)  Ms. Sanchez testified that she regularly runs criminal history checks on individuals using the CLETS system and that she is able to match the results to a particular individual using identifying characteristics such as name, date of birth, social security number, case number, and physical description.  (RT at 388.)  Ms. Sanchez stated that she ran a criminal history report for Petitioner and verified the results using identifying characteristics.  (RT at 389.)  The CLETS printout obtained by Ms. Sanchez for Petitioner showed the convictions for assault in 1989 and rape in 1982.  (RT at 390-92; SCT at 10, 14.)

The state court's determination was not unreasonable.  Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the CLETS printout was reliable and contained sufficient information to conclude that Petitioner suffered the prior convictions.  Petitioner's claim that the trial court should not have admitted the printout because of the prosecution's failure to comply with Evidence Code section 1280 is purely a state law claim which is not cognizable on federal habeas.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995).

Petitioner's claim that the trial court prejudged the question of identity relating to the prior convictions also lacks merit.  Penal Code section 1025 provides that the question of whether a prior conviction occurred shall be tried by a jury, while the question of identity for purposes of the prior conviction shall be tried by the court.  See Cal. Penal Code § 1025(b)-(c).  The trial court's instruction to the jury to disregard the issue of identity was therefore proper under California law and not evidence that the court had prejudged the question of identity.  See CALJIC 17.26 ("You are instructed that the defendant is the person whose name appears on the documents admitted to establish the conviction[s].").

**C.  Ground Three**

Petitioner argues that his rights were violated when the trial court admitted evidence of prior allegations of rape made against him.  Petitioner claims that the evidence relating to the prior offense was more prejudicial than probative because the incident was 22 years old and the victim's identification of Petitioner was unreliable.

This claim was presented in an appeal to the California Court of Appeal, which affirmed the judgment in a reasoned opinion. (Lodged Docs. 1-3.) The issue was then raised in a petition for review to the California Supreme Court, which summarily denied review. (Lodged Docs. 4-5.) The California Supreme Court, by its "silent order" denying review, is presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claim, the Court of Appeal found that the evidence regarding the prior rape was properly admitted. The court explained that the evidence was probative, as the facts were similar to the allegations in this case, and not unfairly confusing or inflammatory. (Lodged Doc. 3 at 4-9.)

"State prisoners are entitled to habeas relief under 28 U.S.C. § 2254 only if their detention violates the Constitution or a federal statute or treaty. A state court's procedural or evidentiary ruling is not subject to federal habeas review unless the ruling violates federal law, either by infringing upon a specific federal constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process." Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995) (citations omitted); see also Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000) ( "[A] violation of state law standing alone is not cognizable in federal court on habeas."). "Only if there are no permissible inferences the jury may draw from the evidence can its admission violate due process. Even then, the evidence must 'be of such quality as necessarily prevents a fair trial.'" Jammal v. Van de Kamp, 926 F.2d 918, 920 (9th Cir. 1991).

The state court's determination was not unreasonable, as the evidence of the prior rape was relevant to Petitioner's disposition and propensity to commit the sexual offenses in the instant case. Evidence Code section 1108 specifically provides for the introduction of such evidence. See Cal. Evid. Code § 1108(a); People v. Britt, 104 Cal.App.4th 500, 505 (2002); People v. Medina, 114 Cal.App.4th 897, 904 (2003). Further, the evidence relating to the prior rape did not infringe upon a specific constitutional protection and was not so unfairly prejudicial or inflammatory as to deprive Petitioner of a fundamentally fair trial. See Estelle v. McGuire, 502 U.S. 62, 75 (1991) ("Because we need not reach the issue, we express no opinion on whether a state law would violate the Due

1  Process Clause if it permitted the use of 'prior crimes' evidence to show propensity to commit a
2  charged crime."); Alberni v. McDaniel, 458 F.3d 860, 864-67 (9th Cir. 2006).

### D. Ground Four

Petitioner argues that there was insufficient evidence to support his conviction for receiving stolen property. Petitioner claims there was no evidence that he had actual or constructive possession of the car parked in the common area of his apartment complex or that he was aware the car was stolen.

This claim was presented in an appeal to the California Court of Appeal, which affirmed the judgment in a reasoned opinion. (Lodged Docs. 1-3.) The issue was then raised in a petition for review to the California Supreme Court, which summarily denied review. (Lodged Docs. 4-5.) The California Supreme Court, by its "silent order" denying review, is presumed to have denied the claims presented for the same reasons stated in the opinion of the lower court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In rejecting Petitioner's claim, the Court of Appeal found that there was sufficient evidence to support the conviction, as there was testimony that Petitioner was driving the car that had been stolen and Petitioner admitted that he was driving a stolen car. (Lodged Doc. 3 at 9-10.)

As stated above, a federal habeas court reviews sufficiency of evidence claims by determining "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Lewis v. Jeffers, 497 U.S. 764, 781 (1990); Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). "[T]he standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Jackson, 443 U.S. at 324 n.16.

Penal Code section 496 prohibits buying or receiving any property that has been stolen, or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or wrongfully obtained. Cal. Penal Code § 496(a).

Billy Vise testified that someone drove off in his car after he got out to deliver some newspapers. Vise identified his vehicle in a trial exhibit and stated that approximately 90 newspapers remained in the vehicle when it was stolen. (RT at 157-59.) Gina Martinez testified that

she saw Petitioner driving the vehicle pictured in the same exhibit and that the vehicle contained a lot of newspapers.  (RT at 80-86.)  Deputy Ian Chandler testified that the vehicle pictured in the exhibit was found in close proximity to Petitioner's apartment and that it had newspapers throughout the vehicle.  (RT at 150, 153.)  There was also testimony that Petitioner admitted to Gina Martinez during the attack on her that he was driving a stolen vehicle.  (RT at 102-03, 177.)

The state court's determination was not unreasonable.  Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that Petitioner took possession of the vehicle knowing it was stolen, as there was evidence that he was driving the vehicle and evidence that he acknowledged it was stolen.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for Respondent.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     November 19, 2008          /s/ John M. Dixon**
                                        UNITED STATES MAGISTRATE JUDGE